**UNITED NATIONAL MAINTENANCE, INC., a Nevada corporation, Plaintiff-Appellant,**

v.

**SAN DIEGO CONVENTION CENTER, INC., a California corporation, Defendant-Appellee.**

**No. 15-56346**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2017 Pasadena, California

Filed April 19, 2017

James Roland Lance, Esquire, Attorney, Jacob Matthew Slania, Esquire, Attorney, Kirby Noonan Lance & Hoge LLP, San Diego, CA, Theodore R. Tetzlaff, Esquire, Tetzlaff Law Offices, LLC, Chicago, IL, Leonard J. Feldman, Esquire, Peterson Wampold Rosato Luna Knopp, Seattle, WA, for Plaintiff-Appellant

Joseph T. Ergastolo, Attorney, John L'Estrange, Esquire, Andrew E. Schouten, Attorney, Wright, L'Estrange & Ergastolo, San Diego, CA, for Defendant-Appellee

Before: PLAGER,* CLIFTON, and OWENS, Circuit Judges.

MEMORANDUM **

Plaintiff United National Maintenance ("UNM") appeals from the district court's

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

grant of summary judgment to San Diego Convention Center Corporation ("SDC") on UNM's tortious interference with contract claim. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

In the previous appeal, this court directed the district court to "determine what contractual rights UNM possessed." *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1009 (9th Cir. 2014). On remand, the district court looked to the text of the contracts between UNM and Global Experience Specialists ("GES")/Champion to determine which of UNM's contractual rights were allegedly interfered with.

"A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed." Cal. Civ. Code § 1436. The conditions precedent in the GES and Champion contracts with UNM indicate that UNM's rights under those contracts only vest once GES or Champion is designated as the cleaning or janitorial contractor for an event. The GES contract is also contingent on the condition precedent that "GES' right to retain [UNM] is not restricted by law or Show management's relationships with another cleaning service provider." The Champion contract only requires Champion's "best efforts" to secure cleaning service to all shows. Therefore, according to the text of the contracts themselves, UNM does not have a vested right to perform cleaning/janitorial services in every instance that Champion or GES is retained as a general contractor.

UNM argues that the district court erred when it failed to consider the California Supreme Court's holding in *Pacific Gas & Electric* that "interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if plaintiff's performance is made more costly or more burdensome." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 270 Cal.Rptr. 1, 791 P.2d 587, 592 (1990). SDC's policy requiring SDC employees to perform cleaning services in the San Diego Convention Center made UNM's performance more costly by requiring the use of SDC staff.

Nothing in the evidence indicates that SDC did not have a legitimate reason for requiring that its own staff provide cleaning services. Furthermore, UNM's contracts with GES and Champion do not guarantee that UNM will be allowed to use its own cleaning staff or determine its own profits. The district court correctly concluded that SDC was entitled to summary judgment because it did not tortiously interfere with UNM's contracts.

**AFFIRMED.**